UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SAMUEL LOUIS-CHARLES,

        Plaintiff,

    -v-                                  16-CV-0885V
                                         ORDER

BAKER, Corrections Sergeant; NEWTON,
Corrections Sergeant; MAVELLA,
Corrections Officer; FRANK SEYMORE,
Corrections Officer and PATTERSON,
Corrections Officer,

        Defendants.
_____

        The plaintiff, Samuel Louis-Charles, brings this *pro se* action pursuant to 42 U.S.C. § 1983 and seeks leave to proceed *in forma pauperis.*  The plaintiff alleges violations of his constitutional rights arising from his confinement at the Jefferson County Jail.  Docket Item 1 (complaint).  For the reasons set forth below, this action is transferred to the Northern District of New York pursuant to 28 U.S.C. § 1406(a).

## DISCUSSION

        Under 28 U.S.C. § 1391(b), a civil action may be brought in:

        (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

        (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

        (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in

which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  When a case is filed in a district in which venue is improper, the court shall dismiss the case "or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  28 U.S.C. § 1406(a).

Here, all the events underlying the claims asserted in the complaint are alleged to have occurred at the Jefferson County Jail—located in Jefferson County, New York, and thus within the geographical confines of the Northern District of New York. Moreover, the plaintiff does not allege that any of the defendants reside within the Western District of New York.  In fact, all the defendants are identified as employees of the Jefferson County Jail.  Thus, there simply is no basis for venue in the Western District of New York.

**CONCLUSION**

Based upon the foregoing, this Court finds that venue of plaintiff's action is not proper in this District.  The Court further determines that it is in the interest of justice that this action be transferred to the Northern District of New York.  28 U.S.C. § 1406(a). This Court makes no ruling as to the sufficiency of plaintiff's complaint, nor does it consider the merits of plaintiff's application to proceed *in forma pauperis*; instead, this Court leaves those issues to the Northern District of New York.

2

For the reasons stated above,


IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of New York.


SO ORDERED.


_**s/ Lawrence J. Vilardo**_
LAWRENCE J. VILARDO
United States District Judge


DATED:      November 18, 2016
                  Buffalo, New York